UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

MICHAEL J. HOLMES,

    Plaintiff,

v.                          Case No. SA-21-CV-01235-JKP

LEE YEAKEL,

    Defendant.

## ORDER DENYING MOTION FOR LEAVE TO FILE

The Court has under consideration a *Motion for Leave to File* (ECF No. 1). Plaintiff attached to the motion an application to proceed without prepaying fees or costs; a copy of the proposed complaint; the civil cover sheet; and summons (ECF Nos. 1-1, 1-2, 1-3, 1-4). Plaintiff files his motion in accordance with the prefiling injunction in place in the Texas Western District Court, which orders that "Michael J. Holmes shall not file any future actions in the United States Court for the Western District of Texas without first obtaining permission from a magistrate judge or district judge of this court, or a circuit judge of the United States Court of Appeals for the Fifth Circuit." *Holmes v. Howell*, 1-21-CV-967-LY-ML, unpub. order at 2, (W.D. Tex. Dec. 3, 2021) (ECF No. 9).

Plaintiff's proposed complaint purports to bring claims under 42 U.S.C. § 1983 and 28 U.S.C. § 455, alleging that the Honorable Lee Yeakel has violated Canons 1-5 of the Code of Conduct for United States Judges. ECF No. 1-2 at 1-3. Plaintiff specifically alleges Judge Yeakel "falsified, altered[,] and concealed court documents, exhibits submitted to the court by the Plaintiff[,] and the details outlined in the Plaintiffs complaint(s)" in "1:21-CV-964-LY, 1:21-CV-909-LY, and 1:21-CV-967-LY." *Id.* at 6. Plaintiff further alleges that on "August 11, 2016," Judge Yeakel "sent an order to the Plaintiff . . . which stated that all cases brought pursuant to 28 U.S.C. § 455 and other civil codes, will be directed to a [ ] United States Magistrate Judge." *Id.* at 18. And that in each of the three cases

listed above, "Plaintiff has provided overwhelming [evidence], affirming exhibits, documents, timelines[,] and written statements that prove the Plaintiff['s] argument and complaint." *Id.*

Courts may properly deny leave to file when it is determined that the proposed complaint is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. This is true whether suit is brought pro se or by counsel and without regard to the filing of an application to proceed in forma pauperis. Plaintiff's proposed complaint protests orders entered by Judge Yeakel in the lawful exercise and performance of Judge Yeakel's authority and duty as a United States District Judge.

It has long been established that judges are "[exempt] from liability in a civil action for acts done by them in the exercise of their judicial functions[.]" *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 (1871); *see also Rehberg v. Paulk*, 566 U.S. 356, 363 (2012) (observing that the Court has held that "actions taken by judges within the legitimate scope of judicial authority" "are absolutely immune from liability for damages under § 1983"); *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986) (finding an action against a state judge "palpably frivolous" as judges enjoy "absolute immunity from liability for damages for judicial acts performed within [their] jurisdiction") (citing *Randall v. Brigham*, 74 U.S. (7 Wall.) 523 (1869)).

The doctrine of absolute judicial immunity protects judges not only from liability, but also from suit. *Mireless v. Waco*, 502 U.S. 9, 11 (1991). Motive of the judicial officer is irrelevant when considering absolute immunity. *See Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991) ("The judge is absolutely immune for all judicial acts not performed in clear absence of all jurisdiction, however erroneous the act and however evil the motive.").

A judge is not immune from liability in only two circumstances: (1) for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity; or (2) an action, though judicial in nature, taken in absence of all jurisdiction. *Mireless*, 502 U.S. at 11-12. "A judge's acts are judicial in nature if they

are 'normally performed by a judge' and the party affected 'dealt with the judge in his judicial capacity.'" *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994) (quoting *Mireless*, 502 U.S. at 12). Plaintiff's proposed complaint does not allege any actions taken by Judge Yeakel that were nonjudicial in nature nor does the Plaintiff show that Judge Yeakel was acting in the clear absence of all jurisdiction. Accordingly, Judge Yeakel is protected by absolute immunity.

The recusal statute requires mandatory disqualification of a judge "in any proceeding in which his impartiality *might reasonably be questioned*," or "where he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455 (emphasis added). The proposed complaint alleges Judge Yeakel violated Canons 1-5 of the Code of Conduct for United States Judges. ECF No. 1-2 at 2. The subjects of these Canons are integrity and independence of the judiciary; avoiding impropriety and the appearance of impropriety; performing duties fairly, impartially, and diligently; extra judicial activities; and political activity. *Id.* at 3. While it appears that Plaintiff is alleging that Judge Yeakel had a personal bias against Plaintiff or that Judge Yeakel could not be impartial in cases filed by Plaintiff, the proposed complaint does not include *facts* that support such allegations. Conclusory allegations, such as "Defendant has falsified, altered[,] and concealed" court documents and exhibits are not sufficient to state a claim.

Even though courts "construe the complaint in the light most favorable to the plaintiff and draw all reasonable inferences in the plaintiff's favor," *Severance v. Patterson*, 566 F.3d 490, 501 (5th Cir. 2009), a complaint must plead "enough *facts* to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (emphasis added). And "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Affording liberal construction to Plaintiff's amended complaint cannot transform its legal conclusions into facts that support an allegation of bias or impartiality.

The Court finds the proposed complaint lacks an arguable basis in law because it is based on the indisputably meritless legal theory that judges can be held liable for judicial acts performed within their jurisdiction. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (holding that a complaint lacks an arguable basis in law if it is "based on an indisputably meritless legal theory," such as if the defendant is clearly immune from suit). The Court further finds that the proposed complaint does not plausibly allege facts that support a request for recusal. Additionally, the cases presided by Judge Yeakel have final judgments and are closed. It is therefore apparent that any attempt by Plaintiff to amend his complaint would be futile as a motion to recuse or disqualify in a closed case will likely be found moot and a motion to recuse or disqualify may not be made prospectively—in anticipation of a case not yet filed. *See, e.g., D'Alessandro v. United States*, Nos. 04-137-JJF, 04-616-JJF, 2005 U.S. Dist. LEXIS 7366, at *6 (D. Del. Apr. 27, 2005) (denying as moot motion to recuse in cases previously dismissed and closed).

Plaintiff has not made a sufficient showing to persuade the Court that it should permit him to pursue this action. Accordingly, the Court **DENIES** the *Motion for Leave to File* (ECF No. 1).

The Court instructs the Clerk of Court to mail this Order to Plaintiff via certified mail, return receipt requested, upon which this case may be closed.

**It is so ORDERED this 13th day of January 2022.**

_____
**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**